**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **In re:** | **CASE NO. 26-21852-JWC** |
| **SDS WEATHER, INC.,** | **CHAPTER 11** |
| **Debtor.** | **SUBCHAPTER V** |

**EMERGENCY MOTION FOR AUTHORITY TO USE CASH COLLATERAL**

SDS WEATHER, INC., Debtor and Debtor-in-Possession (the "**Debtor**"), files this Motion for Authority to Use Cash Collateral (the "**Motion**") for the entry and approval of an order, pursuant to Sections 105, 361, and 363 of the Bankruptcy Code and Rules 2002 and 4001 of the Federal Rules of Bankruptcy Procedure, authorizing the Debtor's use of cash collateral on an emergency basis to continue its operations in accordance with the proposed budget attached hereto as **Exhibit A** (the "**Budget**") and the Proposed Interim Order (as defined below) attached hereto as **Exhibit B**, respectfully showing the Court as follows:

**BACKGROUND**

1. The Debtor is a Georgia corporation with its principal place of business in Cumming, Georgia. The Debtor develops and operates weather forecasting software, including mobile applications distributed through the Apple App Store and Google Play, and sells related weather monitoring equipment to emergency management agencies, schools, and other commercial customers. The Debtor employs approximately twelve people.

2. In 2025, the Debtor began expanding its commercial hardware and software lines. To finance that expansion, the Debtor entered into the RevTek Loan Agreement (as defined below) in October 2025.

3. Many of the Debtor's commercial customers are local emergency management agencies funded through the Federal Emergency Management Agency. The Debtor's commercial sales declined during the federal government shutdown from October 1, 2025 through November 12, 2025, and the lapse in appropriations for the Department of Homeland Security from February 14, 2026 through April 30, 2026.

4. To address the resulting cash shortfall, the Debtor obtained additional financing in May and August 2026, as described below. The payments required under those agreements further strained the Debtor's cash flow.

5. On November 3, 2026, CART Admin (as defined below) declared the obligations under the RevTek Loan Agreement immediately due and payable and gave notice that it intended to sell its collateral at a public disposition under Article 9 of the Uniform Commercial Code on November 13, 2026 at 2:00 p.m. Eastern Time.

6. The Debtor commenced this Subchapter V Chapter 11 case to preserve the value of the business, stabilize operations, and pursue a restructuring plan that will allow for an orderly resolution of its obligations while maximizing recovery for creditors.

7. On November 13, 2026 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code. The Debtor remains operating and is committed to managing its affairs as a debtor-in-possession pursuant to Sections 1184 and 1186(b) of the Bankruptcy Code.

8. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter constitutes a core proceeding under 28 U.S.C. § 157(b). The Debtor consents to the entry of final orders and judgments by the Bankruptcy Court.

## <u>PRE-PETITION FINANCING</u>

9. The Debtor is party, as borrower, to that certain Loan and Security Agreement dated as of October 14, 2025 (the "**RevTek Loan Agreement**"), with RTCP, LLC and RevTek Credit Solutions, LLC, as lenders, and CART Admin, LLC, as administrative agent ("**CART Admin**" and, together with such lenders, "**RevTek**"). RevTek advanced $1,750,000.00 under the RevTek Loan Agreement. CART Admin filed a UCC-1 Financing Statement on October 14, 2025, file number 102-2025-000359, asserting a security interest in essentially all of the Debtor's assets. CART Admin asserts that not less than $1,953,243.06 was owed under the RevTek Loan Agreement as of October 31, 2026, which amount includes a make-whole amount of $175,000.00.

10. The Debtor is party, as borrower, to that certain Promissory Note for Commercial Loan dated May 27, 2026, with IOU Central Inc. d/b/a IOU Financial ("**IOU**"), as lender, in the principal amount of $172,500.00. The note includes a security agreement that grants IOU a security interest in essentially all of the Debtor's assets. The Debtor has not located a UCC-1 Financing Statement filed by or on behalf of IOU.

11. The Debtor is party, as borrower, to a Business Line of Credit Agreement signed by the Debtor on May 27, 2026, with Celtic Bank, as lender, serviced by ODK Capital, LLC (together with Celtic Bank, "**OnDeck**"), with a credit limit of $110,000.00.

12. The Debtor is party, as seller, to that certain Sale of Future Receipts Agreement effective August 12, 2026, with Pawn Funding FL LLC ("**Pawn Funding**"), under which Pawn Funding paid a purchase price of $300,000.00 for $426,000.00 of the Debtor's future receipts, to be collected through periodic debits from the Debtor's deposit accounts.

13. The Debtor is party, as seller, to that certain Master Purchase Agreement dated as of August 13, 2026, with RDM Capital Funding, LLC d/b/a FinTap ("**FinTap**"), under which

FinTap paid a purchase price of $220,000.00 for $325,600.00 of the Debtor's future receipts, to be collected through periodic debits from the Debtor's deposit accounts.

14. The Debtor is party, as borrower, to that certain Commercial Loan and Security Agreement effective August 14, 2026, with Luminar Financial, LLC ("**Luminar**"), as lender, in the loan amount of $170,000.00. That agreement grants Luminar a security interest in essentially all of the Debtor's assets.

15. C T Corporation System, as representative, filed a UCC-1 Financing Statement on August 25, 2026, file number 007-2026-037976, asserting an interest in the Debtor's future receipts, including accounts and payment intangibles. The Debtor is investigating the creditor and the collateral to which this UCC Statement relates.

16. Corporation Service Company, as representative, filed a UCC-1 Financing Statement on November 3, 2026, file number 001-2026-007699, asserting an interest in the Debtor's accounts and proceeds. The Debtor is investigating the creditor and the collateral to which this UCC Statement relates.

17. C T Corporation System, as representative, filed a UCC-1 Financing Statement on November 4, 2026, file number 007-2026-049334, asserting a security interest in essentially all of the Debtor's assets. The Debtor is investigating the creditor and the collateral to which this UCC Statement relates.

18. Each of the financing statements filed on August 25, November 3, and November 4, 2026 was filed within ninety days before the Petition Date. The Debtor reserves all rights with respect to those filings, including under Chapter 5 of the Bankruptcy Code. To the extent any party asserts that it purchased and owns any portion of the Debtor's receipts, the Debtor disputes that characterization and reserves all rights.

19. Certain revenue from the Debtor's business may constitute Cash Collateral as that term is defined in 11 U.S.C. Section 363 (the "**Cash Collateral**"). The Debtor believes that RevTek, IOU, OnDeck, Pawn Funding, FinTap, and Luminar (collectively, the "**Lenders**") may assert an interest in the Cash Collateral.

**RELIEF REQUESTED**

20. By this Motion, the Debtor seeks interim and final authorization to use Cash Collateral. The Debtor proposes to use Cash Collateral for general operational and administrative expenses as set forth in the Budget. The expenses incurred by the Debtor and for which Cash Collateral will be used will all be incurred in the normal and ordinary course of operating its business. A proposed Interim Order Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection (the "**Proposed Interim Order**") is attached hereto as **Exhibit B**.

21. The Budget covers the thirteen weeks beginning November 16, 2026. The Budget does not provide for payments to the Lenders. Pursuant to Bankruptcy Rule 4001(b)(1)(B), the Debtor states that (a) the entities that may assert an interest in the Cash Collateral are the Lenders; (b) the Debtor will use Cash Collateral to pay the operating and administrative expenses set forth in the Budget; (c) the Debtor requests authority to use Cash Collateral on an interim basis through the final hearing on this Motion and thereafter on a final basis; and (d) as adequate protection, the Debtor proposes to grant the Adequate Protection Liens (as defined below).

22. Bankruptcy Code Section 363(c)(2) provides that debtors-in-possession may not use cash collateral unless an entity that has an interest in such cash collateral consents or the Court approves the use, conditioned on provision of adequate protection. Section 363(o) provides that at a hearing on the use of cash collateral, the entity asserting an interest in the cash collateral has the burden of proof on the issue of the validity, priority, or extent of such interest, and debtors-in-

possession have the burden of proof on the issue of adequate protection. Rule 4001(b)(2) provides that the Court may not hold a final hearing on a motion to use cash collateral earlier than 14 days after service of the motion but may authorize the use of cash collateral prior to a final hearing as necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

23. The Debtor requests authority to use Cash Collateral for the purpose of avoiding immediate and irreparable harm to its estate. The authority to continue using Cash Collateral should continue until the Court rules on the Debtor's request following a final hearing.

24. The Debtor recognizes that the Lenders may be entitled to adequate protection of their interests in Cash Collateral (if any) within the meaning of 11 U.S.C. §§ 361 and 363. To the extent that any interest that the Lenders may have in the Cash Collateral is diminished, the Debtor proposes to grant the Lenders replacement liens in post-petition collateral of the same kind, extent, and priority as the liens existing pre-petition (the "**Adequate Protection Liens**"), except that the Adequate Protection Liens will not extend to the proceeds of any avoidance actions received by the Debtor or the estate pursuant to chapter 5 of the Bankruptcy Code. Hence, the Lenders' interests in the Debtor's Cash Collateral (to the extent it has any) are adequately protected.

25. The Debtor further requests that the Court schedule a final hearing on Cash Collateral use, and following such hearing, enter a final order authorizing Cash Collateral use. At that hearing, the Court may consider any additional adequate protection requested by the Lenders and/or agreed upon by the Debtor.

26. If the Debtor is not allowed to use Cash Collateral, its business would be forced to shut down without an orderly process, which will diminish the value of its assets and cause significant imminent job losses. The Debtor's next payroll is due on November 27, 2026, and the

Debtor must continue to pay for the cloud hosting and data services on which its software depends. The Debtor requires the use of Cash Collateral to protect and preserve its going concern value.

27. Notwithstanding anything contained herein, the Debtor reserves the right to dispute the Lenders' claims, their secured status, and the extent to which their claims may be secured, if at all, and the extent of any adequate protection liens granted in any interim order or final order on this Motion.

## Basis for Relief

28. Section 363(c)(2) of the Bankruptcy Code authorizes a debtor to use cash collateral if either (a) each entity with an interest in the cash collateral consents, or (b) the Court, after notice and a hearing, authorizes such use. 11 U.S.C. § 363(c)(2).

29. Section 363(e) of the Bankruptcy Code conditions such use on the provision of "adequate protection" of the secured parties' interests. 11 U.S.C. § 363(e). The Bankruptcy Code does not explicitly define "adequate protection," but does provide a non-exclusive list of the means by which a debtor may provide adequate protection, including "other relief" resulting in the "indubitable equivalent" of the secured creditor's interest in such property. 11 U.S.C. § 361. What constitutes adequate protection must be evaluated on a case-by-case basis. *In re Swedeland Dev. Group Inc.*, 16 F.3d 552, 564 (3rd Cir. 1994) (citing *In re O'Connor*, 808 F.2d 1393, 1396-97 (10th Cir. 1987)); *In re Martin*, 761 F.2d 472, 476 (8th Cir. 1985).

30. The Bankruptcy Code expressly provides that "granting a replacement lien is a means of adequate protection." 11 U.S.C. § 361(2). Granting replacement liens provides ample adequate protection of the secured creditor's interest in cash collateral. See e.g. *In re O'Connor*, 808 F.2d at 1393; *In re Dixie-Shamrock Oil & Gas. Inc.*, 39 B.R. 115, 118 (Bankr. M.D. Tenn. 1984).

31. The Debtor's requested use of Cash Collateral as set forth in the Budget and the protections proposed to be afforded to the Lenders in the Proposed Interim Order, in light of the circumstances, are reasonable, appropriate, and sufficient to satisfy the legal standard of "adequate protection" and will serve to maintain the value of the Lenders' collateral. For all of the reasons stated above, approval of this Motion is proper.

32. The Debtor will serve this Motion on the Office of the United States Trustee, the Subchapter V Trustee once appointed, the Lenders, and the Debtor's twenty largest unsecured creditors.

## CONCLUSION

**WHEREFORE**, the Debtor prays that this Court (i) grant it authority to use Cash Collateral, (ii) grant the Adequate Protection Liens to the Lenders, (iii) set this Motion for a final hearing, and (iv) grant such other relief as is just and proper.

Dated: November 16, 2026

Respectfully Submitted,

**KECK LEGAL, LLC**

*/s/ Marie A. Witte*
Benjamin R. Keck, Ga. Bar No. 943504
Marie A. Witte, Ga. Bar No. 975437
2751 Buford Hwy NE, Suite 650
Atlanta, GA 30324
Tel. (470) 826-6020
bkeck@kecklegal.com
mwitte@kecklegal.com
*Proposed Counsel for the Debtor*

# EXHIBIT A

**13-Week Budget**

[To be Supplemented]

**EXHIBIT B**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **In re:** | **CASE NO. 26-21852-JWC** |
| **SDS WEATHER, INC.,** | **CHAPTER 11** |
| **Debtor.** | **SUBCHAPTER V** |

**INTERIM ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION**

This matter came before the Court on _________ ____, 2026, for hearing (the "**Preliminary Hearing**") on a motion by the above-captioned debtor-in-possession (the "**Debtor**") for authority to use cash collateral (the "**Cash Collateral Motion**") [Doc. ___ ]. Upon consideration of the Cash Collateral Motion, representations of counsel at the Preliminary Hearing, and all other matters of record, the Court hereby finds:

A. The Debtor filed its petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code on November 13, 2026 (the "**Petition Date**"). Pursuant to Sections 1184 and 1186(b) of the Bankruptcy Code, the Debtor remains in possession of its assets and has continued the operation and management of its business in this case.

B. This Court has jurisdiction over the Cash Collateral Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2), involving matters under 11 U.S.C. §§ 361 and 363. Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

C. The Debtor asserts that it is a borrower under a loan and security agreement with CART Admin, LLC, as administrative agent, and RTCP, LLC and RevTek Credit Solutions, LLC, as lenders, and that it is party to financing agreements with IOU Central Inc., Celtic Bank, Pawn Funding FL LLC, RDM Capital Funding, LLC, and Luminar Financial, LLC (collectively, the "**Lenders**"), which may assert security interests in certain of the Debtor's personal property.

D. The revenue from the Debtor's business may constitute Cash Collateral as that term is defined in 11 U.S.C. Section 363 (the "**Cash Collateral**"). The Debtor believes that the Lenders may assert an interest in the Cash Collateral.

E. The Debtor asserts that it generates substantially all of its revenue from the operation of its business.

F. The Debtor asserts that it has provided actual notice of the Cash Collateral Motion and the relief requested therein to the Lenders, to each of the Debtor's Twenty Largest Unsecured Creditors, and the United States Trustee.

G. The Debtor alleges that an immediate need exists for the Debtor to obtain use of the Cash Collateral to fund critical operations of its business. A schedule of the Debtor's revenues and cash requirements for the thirteen weeks beginning November 16, 2026 is set forth in the budget (the "**Budget**") attached to the Cash Collateral Motion as **Exhibit A**.

H. The Debtor alleges that in order to continue its operations and to preserve the value of its assets, it requires the use of the Cash Collateral in accordance with this Order.

I. Good cause has been shown for the entry of this Order and authorization for the Debtor to use cash collateral pending the final hearing on the Cash Collateral Motion pursuant to Bankruptcy Rule 4001(b) (the "**Final Hearing**"). Among other things, entry of this Order will minimize the disruption of its business, will increase the possibility for a successful reorganization, and is in the best interests of the Debtor, its creditors, and other parties-in-interest.

Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED:**

1. The Cash Collateral Motion is GRANTED on an interim basis. Subject to the terms hereof, this Order is effective immediately.

2. The Debtor is authorized to use Cash Collateral, including Cash Collateral on deposit in the Debtor's deposit accounts, in accordance with the Budget from the date of the entry of this Order through and including the date of the final hearing on the Cash Collateral Motion (the "**Interim Period**"). The Interim Period may be extended by further order of the Court.

3. In order to provide adequate protection for the Debtor's use of the Cash Collateral authorized hereunder, the Lenders and any other secured creditor, to the extent they hold valid

liens, security interests, or rights of setoff as of the Petition Date under applicable law, are hereby granted valid and properly-perfected liens (the "**Adequate Protection Liens**") on all property acquired by the Debtor after the Petition Date that is the same or similar nature, kind, or character as each party's respective pre-petition collateral, to the extent of any diminution in the value of the Cash Collateral, except that no such replacement liens shall attach to the proceeds of any avoidance actions under Chapter 5 of the Bankruptcy Code. The Adequate Protection Liens shall be deemed automatically valid and perfected upon entry of this Order.

4. Nothing herein shall be construed as a finding or conclusion that the Lenders or any other party holds a valid security interest, lien, or any interest in any of the Debtor's assets, and all parties' rights with respect to such issues are reserved.

5. This Order is entered without prejudice to the rights of either the Lenders or the Debtor to seek a modification of the terms hereof after notice and a hearing, and without prejudice to the right of Debtor to object to any claim.

6. **The Court shall hold a final hearing on the Cash Collateral Motion on ______________ ________, 20____ at ____:____ a.m./p.m. in Courtroom _______, ____________________________________________________.** The instant Order shall remain valid until such hearing, or any continuation thereof, has been held and a ruling entered.

**### END OF ORDER ###**

**Prepared and presented by:**

**KECK LEGAL, LLC**

*/s/ Marie A. Witte*
Benjamin R. Keck, Ga. Bar No. 943504
Marie A. Witte, Ga. Bar No. 975437
2751 Buford Hwy NE, Suite 650
Atlanta, GA 30324
Tel. (470) 826-6020
bkeck@kecklegal.com
mwitte@kecklegal.com
*Proposed Counsel for the Debtor*

**<u>Distribution List</u>**

Benjamin R. Keck
KECK LEGAL, LLC
2751 Buford Hwy NE, Suite 650
Atlanta, GA 30324

Office of the United States Trustee
Suite 362, Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

Leon S. Jones
699 Piedmont Ave. NE
Atlanta, Georgia 30308

CART Admin, LLC, as Administrative Agent
c/o RevTek Capital, LLC
4215 E. McDowell Road, Suite 108
Mesa, AZ 85215

Anthony W. Austin
Fennemore
2394 E. Camelback Rd., Suite 600
Phoenix, AZ 85016-9077

Buchalter
Attn: Quinn C. [Wheeler]
15279 N. Scottsdale Road, Suite 400
Scottsdale, AZ 85254

IOU Central Inc. d/b/a IOU Financial
600 TownPark Lane, Suite 100
Kennesaw, GA 30144

Celtic Bank
c/o OnDeck (ODK Capital, LLC)
4700 W. Daybreak Pkwy, Suite 200
South Jordan, UT 84009

Pawn Funding FL LLC
4601 Sheridan Street, Suite 600
Hollywood, FL 33021

RDM Capital Funding, LLC d/b/a FinTap
777 Passaic Ave, Suite 375
Clifton, NJ 07012

Luminar Financial, LLC
826 Expressway Lane, Unit 856
Spanish Fork, UT 84660

Regions Bank
1180 W Peachtree St NW, Suite 160
Atlanta, GA 30309